UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and NORTHEAST CARPENTERS HEALTH, ANNUITY, AND PENSION FUNDS f/k/a THE EMPIRE STATE CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-MANAGEMENT COOPERATION, PENSION AND WELFARE FUNDS, | No. 18 CV <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |
| Plaintiffs, | |
| -against- | |
| CARPENTRY & MILLWORK, INCORPORATED, | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, and 1145; and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

4.      Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "NYC ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The NYC ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the NYC ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The NYC ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.       Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the NYC ERISA Funds, as the "NYC Funds") is a New York not-for-profit corporation, and maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7.      Plaintiffs Trustees of The Northeast Carpenters Health, Annuity, and Pension Funds f/k/a The Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Northeast Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Northeast Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21), with the Labor-Management Cooperation being an employer and employee trustee of a labor management cooperation committee established under section 302(c)(9) of the LMRA. The Northeast Funds maintain a principal place of business at 10 Corporate Park Drive, Suite A, Hopewell Junction, New York 12533.

8.      Defendant Carpentry & Millwork, Incorporated ("C&M") is a New York based corporation authorized to do business in this State.

## FACTS

### Duncan & Son Carpentry, Incorporated's Obligations to the Funds

9.      At relevant times, Duncan & Son Carpentry, Incorporated d/b/a Duncan & Son Carpentry Inc. ("Duncan & Son") was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "NYC CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "NYC Union").

10.      At relevant times, Duncan & Son was also a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Northeast CBA") (collectively, with the NYC CBA, the "CBAs") with the Northeast Regional Council of Carpenters f/k/a the Empire State Regional Council of Carpenters (the "Northeast Union").

11.    The CBAs required Duncan & Son to make periodic contributions to the NYC Funds and the Northeast Funds (collectively, the "Funds") for work performed within the trade and geographical jurisdiction of the applicable union ("Covered Work").

12.    Additionally, the CBAs also required Duncan & Son to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

**The NYC Funds' Actions Against Duncan & Son**

13.    The NYC Funds initiated arbitration based on an estimated audit due to Duncan & Son's failure to submit to an audit.

14.    On April 2, 2013, the NYC Funds obtained an arbitration award against Duncan & Son in the amount of $589,299.52.

15.    On July 9, 2013, the NYC Funds filed a proceeding to confirm the arbitration award styled *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. Duncan & Son Carpentry, Inc.*, Dkt. No. 13-cv-4713 (AT) (S.D.N.Y.).

16.    On February 14, 2014, the court issued a judgment in favor of the NYC Funds and against Duncan & Son in the amount of $618,231.02 (the "NYC Funds 2014 Judgement").

17.    Delinquencies were also revealed based on an audit of Duncan & Son covering the period April 1, 2011 through September 30, 2012, and the NYC Funds initiated arbitration.

18.    On April 28, 2016, the NYC Funds obtained an arbitration award against Duncan & Son in the amounr of $129,198.01.

19.    On October 26, 2016, the NYC Funds filed a proceeding to confirm the arbitration award styled *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v.*

*Duncan & Son Carpentry, Incorporated d/b/a Duncan & Son Carpentry Inc.,* Dkt. No. 16-cv-8347 (RWS) (S.D.N.Y.).

20.     On December 7, 2016, the court issued a judgment in favor of the NYC Funds and against Duncan & Son in the amount of $137,652.13 (the "NYC Funds 2016 Judgment").

**The Northeast Funds' Actions Against Duncan & Son**

21.     A dispute arose between the Northeast Funds and Duncan & Son when it failed to remit certain contributions for the period October 2010 through June 2011.

22.     The Northeast Funds initiated arbitration.

23.     On July 12, 2013, the arbitrator issued an award in favor of the Northeast Funds and against Duncan & Son in the amount of $9,789.02.

24.     On May 7, 2014, the Northeast Funds filed an action to confirm the arbitration award styled *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. Duncan & Son Carpentry, Inc.,* Dkt. No. 14-cv-2894 (SJF)(WDW) (E.D.N.Y.).

25.     On September 16, 2014, the court issued a judgment in favor of the Northeast Funds and against Duncan & Son in the amount of $11,979.47 (the "Northeast Funds 2014 Judgment").

26.     A dispute arose between the Northeast Funds and Duncan & Son when it failed to remit additional contributions revealed by an audit covering January 2009 through September 2012.

27.     The Northeast Funds submitted the dispute to arbitration.

28.     On January 22, 2014, the arbitrator issued an award against Duncan & Son in the amount of $419,054.17.

29.     On May 8, 2015, the Northeast Funds filed an action to confirm the arbitration award styled *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. Duncan & Son Carpentry, Inc.*, Dkt. No. 15-cv-2843(JS)(AYS) (E.D.N.Y.).

30.     On March 13, 2017, the court issued a judgment in favor of the Northeast Funds and against Duncan & Sons in the amount of $420,084.17 (the "Northeast Funds 2017 Judgment").

**C&M is the Successor and Alter Ego of Duncan & Son**

31.     On or around February 24, 2015, David Duncan incorporated C&M to avoid Duncan & Son's obligations to the Funds and so that it could have C&M perform Covered Work without conforming to the terms of Duncan & Son's CBAs.

32.     At relevant times, C&M was the alter ego and successor (collectively, "alter ego") of Duncan & Son and both companies had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

33.     C&M and Duncan & Son were both engaged in the business of performing carpentry and millwork within the trade and geographical jurisdiction of Duncan & Son's CBAs.

34.     C&M and Duncan & Son have common ownership, management, and supervision, with both companies being owned and operated by David Duncan.

35.     C&M and Duncan & Son share a common telephone number: 914-447-0231.

36.     C&M and Duncan & Son share a common address: 150 S. Terrace Ave., Mount Vernon, New York 10550.

37.     The Blue Book, which allows contractors to enter their own information, directory entry for C&M provides: "Carpentry and Millwork, Inc., formally known as Duncan & Son's, have been in business since 2015."

38.     C&M and Duncan & Son performed the same work without any meaningful distinction in their operations, including millwork that was fabricated for and installed at the Park Slope Library in Brooklyn, New York.

39.     Upon information and belief, C&M and Duncan & Son used the same equipment, vehicles, and facilities, and employed each other's workers without any meaningful distinction in their operations.

40.     Upon information and belief, C&M and Duncan & Son created or maintained C&M to perpetrate a fraud against the Funds, including the avoidance of Duncan & Son's obligations to the Funds under the CBAs and the Funds' Judgments.

41.     Upon information and belief, C&M continued the business and operations of Duncan & Son.

42.     C&M had prior notice of Duncan & Son's debts and obligations to the Funds given the companies' common ownership.

43.     As alter egos of each other, C&M is bound to Duncan & Son's CBAs and each is liable for each other's unpaid contributions and obligations to the Funds.

## THE NYC FUNDS' FIRST CLAIM FOR RELIEF AGAINST C&M
### (Alter Ego Liability/Liability for Delinquent Contributions/Violation of the NYC CBA)

44.     The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

46.     Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

47.     At relevant times, Duncan & Son as a party to or otherwise bound by the NYC CBA.

48.     The NYC CBA and the documents and instruments governing the NYC Funds required Duncan & Son to make specified hourly contributions to the NYC Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the NYC Funds.

49.     At relevant times, C&M and Duncan & Son were alter egos of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

50.     By virtue of their status as alter egos, C&M and Duncan & Son are and at all relevant times have been bound by the NYC CBA and they are jointly and severally liable for each other's obligations thereunder.

51.     By virtue of their status as alter egos, C&M and Duncan & Son are jointly and severally liable for the NYC Funds' 2014 and 2016 Judgments.

52.     C&M violated the NYC CBA's terms when it failed to remit contributions in connection with the work it performed within the scope and jurisdiction of the NYC CBA.

53.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the NYC CBA, the NYC Funds' Collection Policy, and the documents and instruments governing the NYC Funds, the NYC Funds are entitled to an order directing C&M to: (1) submit to an audit of its books and records covering the period February 24, 2015 to the present; and (2) pay all delinquent contributions and other associated liquidated

damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the NYC Funds during the course of this litigation.  Additionally, the NYC Funds are entitled to an order that C&M is jointly and severally liable with Duncan & Son for the Funds' 2014 and 2016 Judgments.

54.     Absent an audit, the NYC Funds have no ascertainable method of determining the amount of delinquencies due and owing for work C&M performed within the scope of the NYC CBA.

55.     As an unadjudicated alter ego, the NYC Funds have no feasible method of requiring C&M to submit to such an audit to determine its outstanding delinquencies.

56.     Accordingly, a court order compelling C&M to submit to an audit is necessary for the NYC Funds to recover delinquencies due and owing by C&M.

### THE NORTHEAST FUNDS' SECOND CLAIM FOR RELIEF AGAINST C&M
**(Alter Ego Liability/Liability for Delinquent Contributions/Violation of the Northeast CBA**

57.     The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

59.     Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

60.     At relevant times, Duncan & Son was a party to or otherwise bound by the Northeast CBA.

61.     The Northeast CBA and the documents and instruments governing the Northeast Funds required Duncan & Son to make specified hourly contributions to the Northeast Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Northeast Funds.

62.     At relevant times, C&M and Duncan & Son were alter egos of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

63.     By virtue of their status as alter egos and successors, C&M and Duncan & Son are and at all relevant times have been bound by the Northeast CBA and they are jointly and severally liable for each other's obligations thereunder.

64.     By virtue of their status as alter egos, C&M and Duncan & Son are jointly and severally liable for the Northeast Funds' 2014 and 2017 Judgments.

65.     C&M violated the Northeast CBA's terms when it failed to remit contributions in connection with the work it performed within the scope and jurisdiction of the Northeast CBA.

66.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the Northeast CBA, the Northeast Funds' Collection Policy, and the documents and instruments governing the Northeast Funds, the Northeast Funds are entitled to an order directing C&M to: (1) submit to an audit of its books and records covering the period February 24, 2015 to the present; and (2) pay all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the Northeast Funds during the course of this litigation. Additionally, the Northeast Funds are entitled to an order that C&M is jointly and severally liable with Duncan & Son for the Funds' 2014 and 2017 Judgments.

67.   Absent an audit, the Northeast Funds have no ascertainable method of determining the amount of delinquencies due and owing for work C&M performed within the scope of the Northeast CBA.

68.   As an unadjudicated alter ego, the Northeast Funds have no feasible method of requiring C&M to submit to such an audit to determine its outstanding delinquencies.

69.   Accordingly, a court order compelling C&M to submit to an audit is necessary for the Northeast Funds to recover delinquencies due and owing by C&M.

### THE FUNDS' THIRD CLAIM FOR RELIEF AGAINST C&M
**(Injunctive Relief Regarding Alter Ego Status)**

70.   The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.   Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), provides that, in actions to collect delinquent contributions, the Funds may be awarded "such other legal or equitable relief as the court deems appropriate."

72.   Section 301 of the LMRA, 29 U.S.C. § 185 provides for the issuance of an injunction to enforce a collective bargaining agreement.

73.   C&M is an alter ego of Duncan & Son and is therefore bound to its CBAs.

74.   This means, among other things, that C&M is required to follow the terms of Duncan & Son's CBAs, including the provision that they remit contributions to the Funds, submit to audits by the Funds, and to provide remittance reports to the Funds detailing the hours of Covered Work performed.

75.   Accordingly, the Funds seek an order finding that C&M is bound to the CBAs for the same period of time and to the same extent as Duncan & Son.

76.     Absent such injunctive relief, the Funds would be irreparably injured insofar as they would have no viable way of determining whether C&M performed Covered Work for which contributions are required and would be forced to file successive alter ego lawsuits every time they wished to have C&M comply with even the most back requirements of the CBAs.

## DEMAND FOR JURY TRIAL

77.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** the Funds respectfully request that this Court:

(1)     On the NYC Funds' First Claim for Relief, declaring that C&M and Duncan & Son are alter egos and successors of each other and that C&M: (1) is required to submit to an audit of its books and records covering the period February 24, 2015 to the present; and (2) is required to pay all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the NYC Funds during the course of this litigation; and (3) is jointly and severally liable with Duncan & Son for the NYC Funds' 2014 and 2016 Judgments.

(2)     On the Northeast Funds' Second Claim for Relief, declaring that C&M and Duncan & Son are alter egos and successors of each other and that C&M: (1) is required to submit to an audit of its books and records covering the period February 24, 2015 to the present; and (2) is required to pay all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the Northeast Funds during the

course of this litigation; and (3) is jointly and severally liable with Duncan & Son for the Northeast Funds' 2014 and 2017 Judgments.

(3)     On the Funds' Third Claim for Relief, issue an order finding that C&M is bound to the CBAs for the same period of time and to the same extent as Duncan & Son; and

(4)     Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        July 12, 2018

                                    Respectfully submitted,

                                    **VIRGINIA & AMBINDER, LLP**

                        By:     _____/s/_____
                                    Todd Dickerson
                                    40 Broad Street, 7th Floor
                                    New York, New York 10004
                                    (212) 943-9080
                                    Tdickerson@vandallp.com
                                    *Attorneys for Plaintiffs*